IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS I. ANDERSON, SR.,<br>        Plaintiff,<br>vs.<br>UNITED STATES;<br>        Defendant. | Case No. 3:17-cv-00161-SLG |

## ORDER TO SHOW CAUSE

On July 24, 2017, self-represented Plaintiff Thomas I. Anderson, Sr., initiated this action under the Federal Tort Claims Act alleging medical malpractice by federal actors in the Elmendorf Airforce Base emergency room and Veterans Affairs Regional Clinic in Anchorage Alaska.[1] Mr. Anderson paid his $400 filing fee but also filed an Application to Waive Prepayment of the Filing Fee, at Docket 3. The Court addresses these filings in this order.

## STANDARD OF REVIEW

Federal law requires a court to dismiss a case if it determines at any time that it lacks subject-matter jurisdiction.[2] "Subject-matter jurisdiction can never be waived or forfeited."[3] A United States District Court is a court of limited, not general, jurisdiction, and a district court is obligated to consider on its own initiative whether it has subject

---

[1] Docket 1 at 1-2.

[2] Federal Rule of Civil Procedure 12(h)(3).

[3] *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

matter jurisdiction.[4] This means this Court only has the authority to hear specific types of cases. "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[5] "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction."[6]

## ANALYSIS

Mr. Anderson relies on this Court having jurisdiction based on his claim arising under the Federal Tort Claims Act.[7] Mr. Anderson explains, "I have given the Veterans Administration proper notification per the Federal Tort Claims Act as of March 21, 2017 and June 20, 2017 via certified mail with confirmation from Chief Counsels, Suzzane C. Will and D. Brent Pope."[8] There are no exhibits attached to his complaint, so it is unclear whether Mr. Anderson has exhausted his administrative claims and this Court has subject-matter jurisdiction.

The United States Court of Appeals for the Ninth Circuit explained in *Graham v. U.S.*, 96 F.3d 446, 447–48 (9th Cir. 1996) how disposition by a federal agency is a

---

[4] *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute") (citations omitted)).

[5] *Peralta v. Hispanic Bus.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[6] *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000)).

[7] Docket 1 at 2.

[8] *Id.*

3:17-cv-00161-SLG, *Anderson v. USA*
Order to Show Cause
Page 2 of 4
Case 3:17-cv-00161-SLG   Document 4   Filed 07/26/17   Page 2 of 4

prerequisite to a federal district court's jurisdiction in cases arising under the Federal Tort Claims Act (FTCA):

> The FTCA requires a claimant to file an administrative claim. *See* 28 U.S.C. § 2675(a). Any district court action must be filed within certain time constraints keyed to the date the agency disposes of the claim. *See* 28 U.S.C. § 2401(b).
>
> The relevant statutes provide:
>
>> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.*
>
> *Id.* (emphasis added).
>
>> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.* The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.
>
> 28 U.S.C. § 2675(a) (emphasis added).

Thus, as the Plaintiff, Mr. Anderson has the burden of establishing that this Court has jurisdiction because he has exhausted the administrative remedies available to him through the federal agency he is alleging harmed him. He may do this by filing a final notice of denial of this claim by the Veteran's Administration, or proof that he mailed his claim to the agency at issue, by either certified or registered mail, at least 6 months prior

3:17-cv-00161-SLG, *Anderson v. USA*
Order to Show Cause
Page 3 of 4
Case 3:17-cv-00161-SLG   Document 4   Filed 07/26/17   Page 3 of 4

without subsequently receiving an agency decision. Mr. Anderson can show the latter by filing a declaration explaining his position with the relevant receipt of certified or registered mail attached thereto.[9]

**Mr. Anderson is given 30 (thirty) days from the date of this order to provide this proof, or show cause why this Court should not dismiss this case for lack of jurisdiction. If Mr. Anderson does not provide any such proof of this Court having subject matter jurisdiction within the next 30 (thirty) days, this case will be dismissed without prejudice for lack of subject matter jurisdiction.**

The Application to Waive Prepayment of the Filing Fee, at Docket 3, is DENIED as moot.

**IT IS SO ORDERED.**

DATED this 26th day of July, 2017 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] *See* 28 U.S.C. 1746, regarding unsworn declarations under penalty of perjury, which provides:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . .

**"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).**
                                                                **(Signature)".**

3:17-cv-00161-SLG, *Anderson v. USA*
Order to Show Cause
Page 4 of 4
Case 3:17-cv-00161-SLG   Document 4   Filed 07/26/17   Page 4 of 4